UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ERICKSON's FLOORING & SUPPLY
CO., INC., a Michigan corporation,**

    **Plaintiff,**    CASE NUMBER: 03-74214
              HONORABLE VICTORIA A. ROBERTS

**v.**

**TEMBEC, INC., a foreign corporation,
TEMBEC, USA, LLC, a foreign corporation,
ALL TILE INC., an Illinois company,
and KEVIN GURICAN jointly and severally,**

    **Defendants.**
_____/

## ORDER

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Costs, Attorney's Fees, Interest and other Monetary Sanctions brought pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 54(d), 68 and 11.

**II. BACKGROUND**

This action arises from an alleged breach of a distributorship agreement. Plaintiff Erickson's Flooring & Supply Co., Inc. ("Plaintiff") is a wholesale distributor of hardwood flooring and related supplies. Erickson's brought this action against its supplier, Defendant Tembec Industries, Inc. (a foreign corporation) and Tembec USA, LLC (a United States holding company), and Kevin Gurican, who worked for Tembec as a sales

1

representative (collectively "Defendants").[1]

Plaintiff alleged ten state law claims. On January 18, 2006, the Court granted Defendants' Motion for Summary Judgment on all counts. On January 9, 2007, the Sixth Circuit affirmed.

As the prevailing parties, Defendants request either an award of attorney fees and costs or sanctions, pursuant to FED. R. CIV. P. 54(d), 68 and FED. R. CIV. P. 11.

### III. ARGUMENT AND APPLICABLE LAW

Defendants ask the Court to award fees and costs, pursuant to FED. R. CIV. P. 54(d) from the date of the filing of lawsuit until judgment was entered in their favor. Alternatively, Defendants request "offer of judgment" sanctions, pursuant to FED. R. CIV. P. 68, because Plaintiff did not accept an offer of judgment extended prior to Defendants' motion for summary judgment. Additionally, Defendants request sanctions pursuant to FED. R. CIV. P. 11 for Plaintiff's refusal to withdraw claims which had no basis in law or fact--specifically, Plaintiff's claims of detrimental reliance and breach of implied covenant of good faith and fair dealings.

**1. Fees and Costs Pursuant to FED. R. CIV. P. 54(d)**

Defendants are not entitled to costs and attorney's fees in the amount of $68,741.75 or expert witness fees in the amount of $23,270.00 under FED. R. CIV. P. 54(d)(1) and (2)(A).

First, Defendants did not file a proper bill of costs in accordance with Rule 54(d) and Local Court Rule 54.1. Rule 54(d) allows costs to a prevailing party when the

---

[1] A fourth Defendant, All Tile, Inc. ("All Tile"), was dismissed by stipulation on October 26, 2005.

2

Federal Rules of Civil Procedure or statutory provisions expressly provide for recovery of costs and attorney's fees. FED. R. CIV. P. 54(d)(1). Defendants must submit a bill of costs to the court clerk. Local Rule 54.1 provides that "costs will be taxed by the Clerk as provided in the Bill of Costs Handbook." The Bill of Costs Handbook requires that any bill of costs be submitted on the proper form. Ex. 1 at 1. Defendants did not submit the proper form and only attached copies of their bills, which do not include costs.[2]

Second, Defendants seek costs which are not permitted under Rule 54(d)(1). Defendants' requests costs for expert witness fees.[3] Under 28 U.S.C. § 1920(3) the prevailing party may recover fees for witnesses. Some witness fees for attendance, travel, and subsistence are available if a witness appears at trial or is deposed and the transcript is used in support of a motion. 28 U.S.C. § 1821. In accordance with § 1821, the Bill of Costs Handbook provides that "if a witness is subpoenaed to the trial, but does not testify, or if a witness is deposed, but the transcript is not used at trial or in support of a motion, the taxation clerk will not tax the fees and disbursements." Ex. 1 at 3. Because no trial occurred, Defendants are not entitled to costs on this basis. Moreover, it is unclear whether Defendants' expert witness was deposed and if the transcript was used in connection with any motions filed. Thus, Defendants are not entitled to costs on this basis either.

---

[2]Defendants state that they rely on the Affidavit of John J.Gillooly in support of their motion. No Affidavit was attached to the motion or subsequently provided to the court.

[3]Plaintiff argues that Defendants also request costs for witness fees and deposition transcripts. However, Defendants only request costs for expert witness fees. The Court notes that the Bill of Costs Handbook does not allow for recovery of money spent on transcripts used primarily for trial preparation or discovery. Ex. 1 at 3.

Further, it is well settled that "expert witness fees are not recoverable as costs absent explicit statutory authority." *L&W Supply Co. v. Acuity*, 475 F.3d 737, 740 (6th Cir. 2007)(holding that expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them); *see also Arlington Cent. Sch. Dist. Bd. of Educ.*, 126 S.Ct. 2455 (2006)(explaining that unless a statute unambiguously authorized the recovery of expert fees, no such fees are recoverable as costs). Here, no statute authorizes recovery of expert witness fees; Defendants are not entitled to costs.

Third, under the "American Rule," which this Court follows, prevailing parties – a party in whose favor a judgment is rendered – are ordinarily required to bear their own attorney's fees absent explicit statutory authority. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., et al.*, 532 U.S. 598, 602 (2001); *see also Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). Although Defendants are the prevailing parties, they fail to provide any statutory authority, other than FED. R. CIV. P. 54(d)(2)(A),[4] as a basis for granting attorney fees. Plaintiff alleged ten state law claims, and Congress has not authorized an award of attorney's fees for any of them. In accordance with the American rule, the Court finds that Defendants are not entitled to attorney's fees under Rule 54(d)(2)(A).

### 2. Recovery of Fees Under FED. R. CIV. P. 68

Next, Defendants argue they are entitled to "offer of judgment" sanctions under

---

[4] FED. R. CIV. P. 54(d)(2)(A) provides: "Claims for attorney's fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."

FED. R. CIV. P. 68.  "Rule 68 prescribes certain consequences for formal settlement offers made by 'a party defending against a claim.'"  *Delta Airlines v. August*, 450 U.S. 346, 350 (1981).  Specifically it provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the order, with costs then accrued. . . . An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceedings determining costs.  If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

FED. R. CIV. P. 68.

In *Delta Airlines*, the Supreme Court held that Rule 68 only applies to offers made by the defendant and to judgments obtained by the plaintiff, and does not apply in cases where the defendant obtains the judgment.  *Id.*  The Court reasoned that the purpose of Rule 68 is to induce settlement.  *Id.*  But there is little incentive to impose additional Rule 68 burdens on a nonsettling plaintiff who loses, because liability for costs is incidental to defeat.  *Id.*  Consistent with Rule 68 and *Delta Airlines*, the Court finds that Defendants cannot recover costs under Rule 68 because judgment was entered in their favor and not in favor of Plaintiff.

### 3.  Sanctions Under FED. R. CIV. P. 11

Finally, Defendants request the Court to impose sanctions under FED. R. CIV. P. 11.  Prior to filing their Motions for Summary Judgment, Defendants requested that Plaintiff withdraw its claim for detrimental reliance and breach of implied covenant of good faith and fair dealings because they were frivolous under Michigan law.  Because the Court dismissed both claims at summary judgment, Defendants argue they are

entitled to sanctions against Plaintiff for failure to dismiss the claims at the conclusion of discovery.

Federal Rule of Civil Procedure 11 is a disciplinary sanction that must not be imposed unless a duty under the rule is violated.  "In this circuit the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances."  *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir.1997) (citing *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990), cert. denied. "[A] party seeking sanctions must follow a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court."  *Ridder*, 109 F.3d at 294.  This "safe harbor" provision is to provide the opposing party sufficient opportunity to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention."  *Id.* at 297.  Compliance with the safe harbor provision under Rule 11 is an absolute requirement.

Defendants did not comply with this portion of Rule 11.  Instead, Defendants sent an email requesting Plaintiff to advise whether it would dismiss any claims.  This email, which Defendants rely upon as notice to Plaintiff, is insufficient.  Rule 11 requires Defendant to serve Plaintiff with a formal motion:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, but shall not be filed or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

FED. R. CIV. P. 11.

Although Defendants do not admit that they failed to comply with Rule 11, it is clear that Plaintiff was not served with a formal motion. According to Plaintiff, the email was the only correspondence sent by Defendant regarding dismissal of claims. Defendants provide no evidence that they served Plaintiff or waited 21 days before filing this motion.

The "safe harbor provision" is designed to "put the filing lawyer on notice that he or she may be sanctioned and to give the filing lawyer an opportunity to reconsider." *Morganroth & Morganrouth v. Delorean*, 123 F.3d 374, 384 (6th Cir. 1997); *see also Blachy v. Butcher*, 129 Fed.Appx. 173, 180 (6th Cir. 2005). Defendants' email did not accomplish this goal. Therefore, Defendants request for Rule 11 sanctions is **DENIED**.

### III.  CONCLUSION

For these reasons, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 29, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 29, 2007.

S/Carol A. Pinegar
Deputy Clerk